IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JASMONE KAUSVAS SMITH,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:26-CV-2445-L-BN** |
| | § | |
| **MELINDA BUFORD and SHERRI HARRIS,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On October 13, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 8) was entered, recommending that the court dismiss without prejudice this action and Plaintiff's claims under the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and comply with a court order. Specifically, Plaintiff did not respond to the magistrate judge's deficiency order or the September 9, 2026 deadline to either file an amended Motion to Proceed In Forma Pauperis or pay the applicable case filing fee, and she did not seek an extension of that deadline. No objections to the Report were filed, and the 14-day deadline for doing so has expired.

Having considered the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action pursuant to Rule 41(b) for failure to prosecute and comply with a court order and **denies as moot** Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 4).

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this

certification, the court **incorporates by reference** the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court concludes that any appeal of this action by Plaintiffs would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion or motions to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 9th day of November, 2026.

Sam A. Lindsay
United States District Judge